UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| FREDERICK COOK, | ) | Civil Action No.: 4:22-cv-02816-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| -vs- | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for supplemental security income(SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I.  RELEVANT BACKGROUND

### A.  Procedural History

Plaintiff filed an application for SSI on April 17, 2019, with an amended alleged onset date of April 29, 2019. (Tr. 10). His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held in September 2021, at which time Plaintiff and a vocational expert (VE) testified. (Tr. 10). The Administrative Law Judge (ALJ) issued an unfavorable decision on September 27, 2021, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 10-20). Plaintiff filed a request for review of the ALJ's decision and submitted additional evidence to the Appeals Council. The Appeals Council denied the request for

review. (Tr. 1-4). In August 2022, Plaintiff filed this action. (ECF No. 1).

**B.     Plaintiff's Background and Medical History**

Plaintiff was born in April 1959 and was around sixty-one years old at the time of the application date. (Tr. 96). Plaintiff had past work as a groundskeeper. (Tr. 20). Plaintiff alleges disability originally due to knee problems, vision problems, hip problems, high blood pressure, and depression. (Tr. 97). Relevant records will be addressed under the pertinent issue headings.

**C.     The ALJ's Decision**

In the decision of September 2021, the ALJ made the following findings of fact and conclusions of law (Tr. 10-20):

1. The claimant has not engaged in substantial gainful activity since April 17, 2019, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: degenerative joint disease of the knees, osteoarthritis, and obesity (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except frequent climbing of ramps and stairs, occasional climbing of ladders, frequent balancing and stooping, and frequent kneeling, crouching, and crawling.

5. The claimant is capable of performing past relevant work as a grounds keeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, since April 17, 2019, the date the application was filed (20 CFR 416.920(f)).

## II. DISCUSSION

Plaintiff briefly argues the ALJ failed to assess the effect of Plaintiff's impairments in combination, and then "[s]pecifically, the ALJ found that Plaintiff failed to satisfy the criteria in paragraph B." (ECF No. 10). Plaintiff recites the ALJ's findings for each paragraph B criteria and argues "proper review of the medical records supports a finding that Plaintiff has more than a mild limitation in this area" or "has a limitation in this area." (ECF No. 10). Defendant argues the ALJ applied the correct law and relied on substantial evidence in finding Plaintiff not disabled.

**A.     LEGAL FRAMEWORK**

**1.     The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability."  42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.  42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims).  An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included

in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d

at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.     ANALYSIS**

Plaintiff briefly argues the ALJ failed to assess the effect of Plaintiff's impairments in combination, and then "[s]pecifically, the ALJ found that Plaintiff failed to satisfy the criteria in paragraph B." (ECF No. 10). Plaintiff recites the ALJ's findings for each paragraph B criteria and argues "proper review of the medical records supports a finding that Plaintiff has more than a mild limitation in this area" or "has a limitation in this area." (ECF No. 10). Plaintiff appears to be conflating two separate arguments.

Combination

When a claimant has more than one impairment, the Commissioner "must consider the combined effect of a claimant's impairments and not fragmentize them." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). (citations omitted). The ALJ is required to "adequately explain his or her evaluation of the combined effects of the impairments." *Id.* This court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Regulations require that an ALJ "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe," in determining the claimant's RFC. 20 C.F.R. § 416.945(e); *see also* SSR 96–8p ("In assessing RFC, the adjudicator must

6

consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' ").

A review of the ALJ's discussion of the evidence shows that Plaintiff's impairments were considered in combination. The ALJ discussed Plaintiff's testimony regarding taking medication for non-severe impairments of depression/anxiety, that the medication helped, that he does not see a counselor, has never been hospitalized for those nonsevere impairments, and does not have panic attacks. (Tr. 18). The ALJ considered Plaintiff's testimony of grocery shopping and visiting friends. (Tr. 19). The ALJ considered psychological consultant opinions finding Plaintiff did not have any severe mental impairments:

> The State agency psychological consultants concluded the claimant does not have any severe mental impairments. The undersigned finds these conclusions are persuasive since they are well supported by the record. The medical evidence has shown normal or nearly normal mental exams. Treatment for the claimant's mixed anxiety and depressive disorder has been conservative and limited to routine office visits with the claimant's primary care provider. A review of the record shows that the medication has managed his symptoms. The claimant has not required any mental health treatment with a specialist such as a psychologist or psychiatrist, and he has not required any urgent care or any hospitalizations due to any mental condition.

(Tr. 15). The ALJ extensively discussed Plaintiff's severe physical impairments as well. (Tr. 15-19).

It is evident from the ALJ's discussion that the ALJ considered Plaintiff's various multiple ailments at the appropriate Steps. The ALJ's discussion and analysis, as a whole, is sufficient to demonstrate that he considered the Plaintiff's impairments in combination and is sufficient for the court to properly review the ALJ's conclusion on this issue. *See Thornsberry v. Astrue*, 2010 WL 146483, *5 (D.S.C. Jan. 12, 2010) and *Brown v. Astrue*, 2012 WL 3716792, *6 (D.S.C. Aug. 28, 2012). The ALJ sufficiently addressed Plaintiff's combined impairments under the *Walker* standard and there is substantial evidence to support the ALJ's decision in this regard.

Paragraph B Analysis

Plaintiff does not argue what paragraph B limits(i.e. extreme, marked, moderate, or mild) are supported by the record, only that limits should be "more than mild" or Plaintiff "has a limitation." (ECF No. 10).

Paragraph B criteria are contained in the Listings regarding mental disorders and are the functional criteria assessed to evaluate how a mental disorder limits functioning. 20 C.F.R. § Pt. 404, Subpt. P, App. 1; 20 C.F.R. § 416.920a(c)(3). In order to "satisfy" paragraph B criteria, a mental disorder must result in "extreme" limitation in one area or a "marked" limitation in two areas. Plaintiff does not argue that he meets one "extreme" limitation or two "marked" limitations. Ratings under paragraph B are also helpful in determining whether an impairment is severe or non-severe because if the criteria found are "none" or "mild," generally impairments are not severe. 20 C.F.R. § 416.920a(d)(1).

In finding mixed anxiety and depressive disorder as nonsevere, the ALJ thoroughly discussed the paragraph B criteria and supported the findings with citation to substantial evidence:

> The claimant's medically determinable mental impairment of mixed anxiety and depressive disorder does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere.
>
> In making this finding, the undersigned has considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.
>
> The first functional area is understanding, remembering, or applying information. In this area, the claimant has mild limitation. Throughout the record, the claimant has typically had normal mental exams at office visits. Treatment notes do not document any unusual issues with the claimant's ability to understand, remember, or apply information. In the claimant's Function Report, he reported he does not need help or reminders taking medicines, and he does not need to be reminded to go places

(Exhibit B-18E). At the consultative examination in November 2020, the claimant was able to recall 2/3 objects at five minutes. While Dr. Jones indicated the claimant had some cognitive deficits and struggled to answer her questions, and although Dr. Jones diagnosed the claimant with borderline literacy, the claimant also reported at this exam that he is a high school graduate (Exhibit B-4F). At the hearing, the claimant testified he has attended two years of college, can read and write, and can pay bills. The undersigned finds Dr. Jones' conclusions about possible cognitive deficits and borderline literacy are not supported by the record. The claimant had no difficulty in participation in the hearing. He was able to understand the proceedings at the hearing. The claimant was able to remember and provide information in areas including his educational history, work history, and medical history. The undersigned recognizes that the hearing was short-lived and cannot be considered a conclusive indicator of the claimant's overall level of functioning on a day-to-day basis. The claimant's participation during the hearing is not intended to necessarily reflect his typical level of functioning.

The next functional area is interacting with others. In this area, the claimant has no limitation. Throughout the record, the claimant has demonstrated the ability to get along with his treating provider. Dr. Jones, the consultative examiner, did not note any problems with the claimant's ability to interact appropriately with her (Exhibit B-4F). The claimant has also reported activities that would bring him near, or in contact, with other people. In the claimant's Function Report, he reported shopping in stores for food, spending time with others talking on a daily basis, and going to his friend's shop on a regular basis. He also reported when going out, he can go out alone, and he does not need anyone to accompany him. The claimant indicated he gets along "good" with authority figures, and he has never been fired or laid off from a job because of problems getting along with other people (Exhibit B-18E).

The third functional area is concentrating, persisting, or maintaining pace. In this area, the claimant has no limitation. In the claimant's Function Report, he reported activities including daily meal preparation, cleaning the table top, using public transportation, paying bills, counting change, [handling] a savings account, using a checkbook/money orders, and watching TV. He also reported he sometimes finishes what he starts, and he can follow spoken and instructions "good" (Exhibit B-18E). At the consultative examination, the claimant was alert, and Dr. Jones indicated it is felt that the claimant has appropriate thought content (Exhibit B-4F).

The fourth functional area is adapting or managing oneself. In this area, the claimant has no limitation. The medical records have not shown that the claimant has any difficulty maintaining his hygiene and attire. The medical evidence has not shown any specific issues during mental exams of the claimant having difficulty regulating his emotions. In the claimant's Function Report, he reported being able to slowly dress, that he can feed himself, and has no problem using the toilet. He also reported he does not need any

>   special reminders to take care of personal needs and grooming. The claimant indicated he handles stress "good at times," handles changes in routine "good", and has not noticed any unusual behavior or fears (Exhibit B-18E).
>
>   Because the claimant's medically determinable mental impairment causes no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it is nonsevere (20 CFR 416.920a(d)(1)).

(Tr. 14-15). Plaintiff has pointed to no error in the analysis which would "render Plaintiff disabled." (ECF No. 10). Substantial evidence supports the ALJ's finding mixed anxiety and depressive disorder as non severe and the paragraph B findings.

### III.  CONCLUSION

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. *Richardson*, 402 U.S. at 390. Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. *Blalock*, 483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). As previously discussed, despite the Plaintiff's claims, he has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, and pursuant to the power of the court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is AFFIRMED.

|  |  |
|---|---|
| April 4, 2023 | s/ Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |